# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR., )
)
                           Plaintiff, )        Case No. 2:09-cv-01289-RCJ-GWF
)
vs. )        **ORDER and FINDINGS &**
)        **RECOMMENDATIONS**
PETER KRUSE, *et al.*, )
)
                     Defendants. )
_____ )

      This matter is before the Court on Plaintiff James Lewis Atkins, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* (Dkt. #4), Motion for Leave to File Excess Pages in his Complaint (Dkt. #6), Motion to Include Defendants' Names on All Documents (Dkt. #7) and Motion for Equal Protection and Appointment of Counsel (Dkt. #8), filed August 26, 2009.

## DISCUSSION

### I.    Application to Proceed *In Forma Pauperis*

      Pursuant to the Prison Litigation Reform Act (PLRA) of 1995, the District Court is required to assess a fee where a prisoner is granted leave to proceed *in forma pauperis* in a civil action, and the prison officials are required to collect and remit the money to the court. *See* 28 U.S.C. § 1915(b)(1)-(2). Pursuant to the IFP Motion Financial Certificate, a plaintiff must pay a filing fee of $350.00. If the plaintiff does not have $350.00, the plaintiff will not be allowed to proceed with the action until the plaintiff pays the appropriate fees. The plaintiff will be required to pay either 20% of the average monthly balance or 20% of the average monthly deposits, whichever is greater. Furthermore, the plaintiff will be required to pay installments of 20% of the preceding month's deposits to the account in months that the account balance exceeds $10.00.

1    Plaintiff attached a Financial Certificate to his application.  After viewing the statement, the

2    Court finds that Plaintiff does not have $350.00 in his account to pay the filing fee; Plaintiff's current

3    account balance is $0.00.  The Court further finds that Plaintiff's average monthly balance is $0.00, and

4    Plaintiff's average monthly deposits are $0.00.  Plaintiff's request to proceed *in forma pauperis* will be

5    granted.

6    **II.    Screening of Plaintiff's Complaint**

7         **A.    Background**

8         Plaintiff alleges that he was contacted by Defendant Las Vegas Police Officer Peter Kruse

9    regarding a prior violent incident where Plaintiff hit a man with a U-Haul truck.  (Dkt. #4-2 at 3).

10   According to the Complaint, Defendant Kruse indicated a misdemeanor warrant had been issued for

11   Plaintiff.  (*Id.* at 4).  Over the telephone, Defendant Kruse allegedly assured Plaintiff that he would not

12   be arrested for the incident where Plaintiff hit a man with his truck or for the misdemeanor warrant if he

13   met and spoke with Officer Kruse.  (*Id.* at 3-4).  Based on this promise from Officer Kruse, Plaintiff

14   states that he met with Defendant Kruse at the scene of the truck incident and made a statement about

15   the truck incident.  (*Id.*)  At the end of the discussion, Plaintiff was arrested by another officer on the

16   outstanding misdemeanor warrant and charged with battery with a deadly weapon for the truck incident.

17   (*Id.*)  The Complaint states that by having him arrested, Defendant Kruse violated an agreement that he

18   entered into in his official capacity as a Las Vegas Police Officer.  (*Id.*)  Plaintiff states that he raised

19   the question of the agreement not to arrest at his criminal trial, but the Court and the District Attorney

20   did not grant him any relief from prosecution.

21       Based on these allegations, Plaintiff has filed civil rights claims against Defendants Officer

22   Peter Kruse, Las Vegas Metro Police Department, Clark County District Attorney Office, Clark County

23   and the State Of Nevada, alleging deprivation of his Fourteenth Amendment equal protection[1] and due

24   process rights under 42 U.S.C. §1983.

25   _____

26       [1] Plaintiff's Complaint states that he is raising §1983 claims for violation of his due process

27   rights and for "discrimination".  The Court will interpret Plaintiff's language to indicate he is raising an
     equal protection claim under the Fourteenth Amendment based on the defendants' discriminatory

28   actions.

**B.     Screening Standard Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553-57 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*; *see Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

3

1  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

2  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

3        **C.**     **Screening the Complaint**

4            **1.**    **Defendant State of Nevada**

5        Under the Eleventh Amendment to the U.S. Constitution, plaintiffs are barred from bringing suit

6  against states in federal court.  *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

7  144 (1993); *Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005).

8  States are therefore immune from suit under the doctrine of sovereign immunity and should be dismissed

9  as a named party from civil rights suits."  *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 267

10  (1997).  *See also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (finding states are

11  not persons for purposes of § 1983 civil rights actions).  Therefore, the Court will recommend that

12  Defendant State of Nevada be dismissed with prejudice as the state is immune from suit.

13            **2.**    **Defendant Clark County District Attorney**

14        State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official

15  capacity. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427,

16  430-31 (1976) (holding prosecutors absolutely immune from a section 1983 civil suit for damages

17  related to the presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir.

18  2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity

19  extends to actions during both the pre-trial and post-trial phase of a case).  Here, Plaintiff's allegations

20  relate to prosecutorial functions intimately associated with the judicial phase of the criminal process.  As

21  a result, the Court will recommend that Defendant Clark County District Attorney be dismissed with

22  prejudice on grounds of prosecutorial immunity.

23            **3.**    **Remaining 42 U.S.C. § 1983 claims**

24        To have a claim under 42 U.S.C. § 1983, a plaintiff must plead that the named defendant (1)

25  acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or

26  federal statutes."  *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S.

27  42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Once the plaintiff

28  alleges that his or her federal rights have been violated, then a plaintiff must show that those rights were

1    violated by a person acting under *color of state* law.

2                    **a.    Due Process Claim**

3           Plaintiff alleges that his due process rights were violated during his state criminal trial when he

4    was not granted immunity from prosecution based on the alleged promise of Defendant Kruse not to

5    prosecute.  (Dkt. #4-2 at 4-5).

6           A § 1983 action is not a proper remedy for a prisoner seeking damages for "harm caused by

7    actions whose unlawfulness would render a conviction or sentence invalid."  *Heck v. Humphrey*, 512

8    U.S. 477, 486 (1994).  That is, if a judgment in favor of a prisoner in a § 1983 case would "necessarily

9    imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the

10   plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.  Since

11   it decided *Heck*, the Supreme Court has further stated that "a state prisoner's § 1983 action is barred

12   (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target

13   of the prisoner's § 1983 suit (state conduct leading to conviction or internal prison proceedings)" where

14   "success in that action would necessarily demonstrate the invalidity of confinement or its duration".

15   *Wilkinson v. Dodson*, 544 U.S. 74, 81-82 (2005); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85

16   (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful,

17   would imply the invalidity of [the plaintiff's] conviction.")

18          In the present action, Plaintiff alleges that his due process rights were violated when he was

19   wrongfully prosecuted contrary to an alleged agreement between Plaintiff and Defendant Kruse.  If

20   Plaintiff Atkins' present due process claim is successful, it would imply the invalidity of Plaintiff's

21   conviction in his prior criminal trial.  *See Whitaker*, 486 F.3d at 583-85.  As a result, the Court must

22   dismiss the complaint unless Plaintiff can demonstrate that "the conviction or sentence has already been

23   invalidated."  *See Heck*, 512 U.S. at 486-87.  Plaintiff has failed to show that his prior conviction has

24   been invalidated based on the alleged civil rights violation and his complaint will be dismissed.

25                    **b.    Equal Protection Claim**

26          The Equal Protection Clause requires that all persons similarly situated be treated similarly by the

27   government.  To set forth a prima facie violation of the Equal Protection Clause a plaintiff first must

28   prove a discriminatory intent or purpose. *Village of Arlington Heights v. Metropolitan Housing Dev.*

*Corp.*, 429 U.S. 252, 265 (1977); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir.1991). Conclusory allegations by themselves do not establish an equal protection violation without further proof of invidious discriminatory intent.  *See Village of Arlington Heights*, 429 U.S. at 265.  To state a claim under section 1983, a plaintiff must show intent or purpose to discriminate based upon membership in a protected class.  *Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1998).

Here, Plaintiff has not alleged that Defendant Kruse discriminated against him based on race, religion or other protected class. *Village of Arlington Heights*, 429 U.S. at 265; *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987).  Indeed, Plaintiff does not even allege a discriminatory intent or purpose, nor has he demonstrated that the defendant's alleged actions were patently arbitrary.  Plaintiff thus has not shown Defendant Kruse violated his right to equal protection under the law.

**III.     Motion for Equal Protection and Appointment of Counsel**

Plaintiff requests that this Court appoint counsel to represent him in order to ensure that he has access to the Court as a person with a disability under the Americans with Disabilities Act.  (Dkt. #8). There is no constitutional right to the appointment of counsel in civil cases.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In determining whether counsel should be appointed, the court has discretion to consider three relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) the meritoriousness of the plaintiff's claim.  *Id.*  Plaintiff has not presented sufficient evidence to persuade this Court to appoint counsel to represent him.

**IV.     Motion to Include Defendants' Names on All Documents**

In addition, Plaintiff filed his Objection Motion to Include Defendants' Names on All Documents (Dkt. #7), in which he requests that the Court refrain from the use of "*et. al.*" in legal documents so that all records will show the defendants' names.  Plaintiff's motion is denied as the phrase "*et. al.*" is standard legal shorthand.

**V.     Motion to File Excess Pages in Complaint**

The Court will deny Plaintiff's Motion for Leave to File Excess Pages in his Complaint (Dkt. #6) as Plaintiff has not sufficiently demonstrated a need to file a longer than normal complaint. Accordingly,

1     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

2 (Dkt. #4) is **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if

3 this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

4     **IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to

5 conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

6 therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

7 subpoenas at government expense.

8     **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Accounting and

9 Finance Department for the Southern Desert Correctional Center shall pay to the Clerk of the United

10 States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account

11 (inmate #1031289), in the months that the account exceeds $10.00, until the full $350 filing fee has been

12 paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the

13 Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of Chief of Inmate

14 Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

15     **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

16     **IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be **dismissed without prejudice**

17 for failure to state a claim upon which relief can be granted.  Plaintiff shall have **thirty (30) days** from

18 the date this Order is entered in which to file an amended complaint if he believes he can cure its

19 deficiencies.  Failure to do so may result in dismissal of this action with prejudice.

20     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Excess Pages in his

21 Complaint (Dkt. #6) is **denied**.

22     **IT IS FURTHER ORDERED** that Plaintiff's Objection Motion to Include Defendants' Names

23 on All Documents (Dkt. #7) is **denied**.

24     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Equal Protection (Dkt. #8) is **denied**.

25 . . .

26 . . .

27 . . .

28 . . .

1

## **RECOMMENDATION**

2     **IT IS RECOMMENDED** that Defendants State of Nevada and Clark County District Attorney

3 be **dismissed with prejudice** due to Plaintiff's failure to state a claim upon which relief may be granted

4 and these defendants' immunity from civil rights claims under 42 U.S.C. § 1983.

5

## **NOTICE**

6     Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

7 writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

8 courts of appeal may determine that an appeal has been waived due to the failure to file objections within

9 the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure

10 to file objections within the specified time and (2) failure to properly address and brief the objectionable

11 issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of

12 the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

13 *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

14     DATED this 29th day of December, 2009.

15

16

                      _George Foley Jr._____

17                     **GEORGE FOLEY, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**

18

19

20

21

22

23

24

25

26

27

28