

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR.,

    Plaintiff,

vs.

PETER KRUSE, et al.,

    Defendants.

Case No. 2:09-CV-01289-RCJ-(GWF)

**ORDER**

    Plaintiff has submitted an amended complaint (#17). The court has reviewed it, and the court will dismiss this action for failure to state a claim.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he and Officer Peter Kruse of the Las Vegas Metropolitan Police Department came to an agreement: Plaintiff would tell Kruse about an incident, and in return Kruse would not arrest plaintiff and would not impound plaintiff's truck, giving plaintiff at most a citation. Plaintiff further alleges that the two met and that Kruse arrested him for battery with the use of a deadly weapon after plaintiff gave his statement. Later, Plaintiff alleges that he was charged with five more counts after he complained about the breach of the agreement. Plaintiff was acquitted of those five additional counts, but he was convicted of the charge of battery with the use of a deadly weapon.

Among other reasons, the court directed plaintiff to file an amended complaint because the allegations in his original complaint (#11) did not show that his conviction or sentence had already been invalidated, and thus relief in an action pursuant to 42 U.S.C. § 1983 would not be available. Order (#10), p. 5 (citing Wilkinson v. Dodson, 544 U.S. 74 (2005), and Heck v Humphrey, 512 U.S. 477 (1994)). Plaintiff's allegations in the amended complaint (#17) show that he was convicted of one charge that arose out of what he claims was a broken agreement between him and Kruse. His allegations, if proven, would imply the invalidity of that conviction, and thus he does not state a claim upon which relief can be granted.

Alternatively, the claim is without merit on its face. Police officers may use some trickery in their investigations. See Frazier v. Cupp, 394 U.S. 731, 739 (1969). Whatever the "agreement" might have been, Kruse did not violate due process by arresting plaintiff after plaintiff gave a statement that implicated himself in a crime.

IT IS THEREFORE ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

Dated: This 24th day of June, 2010.

ROBERT C. JONES
United States District Judge